IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                               Case No. 21-10010-JWB

MONTREZ BROWN,

    Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Defendant's motion reduce sentence. (Doc. 100.) The motion is fully briefed and ripe for decision.[1] (Doc. 102.) The motion is DENIED for the reasons stated herein.

**I.**    **Facts**

On February 23, 2021, the grand jury returned an indictment charging Defendant with possession of a firearm by a convicted felon and possession of ammunition by a convicted felon both in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) On April 26, 2022, Defendant entered a Rule 11(a)(2) conditional plea agreement to the felon in possession of a firearm charge in the indictment. (Doc. 52.) According to the presentence report, the calculated Sentencing Guidelines imprisonment range for the offense was 30 to 37 months. (Doc. 57 ¶ 98.) On September 1, 2022, the court sentenced Defendant to four years' probation. (Doc. 64.) On December 2, 2022, Defendant was arrested for being a felon in possession of a firearm. (Doc. 70.) On February 24, 2023, the court found that Defendant had violated the conditions of his probation, revoked probation, and sentenced him to 26 months. (Doc. 86.)

---

[1] Defendant has not filed a reply brief and the time for doing so has passed.

Defendant has a history of medical issues. In 2019, Defendant suffered a gunshot wound to the abdomen which severed his L2-3 spinal cord. (Doc. 57 ¶ 78.) He has had ongoing medical treatment for several related issues and those are well documented in the PSR. Defendant moves for compassionate release on the basis that he has developed pressure wounds while incarcerated which have become infected and he has also developed an infection in his bones. (Doc. 100-1.) Defendant seeks release so that he may obtain his own medical treatment. (Doc. 100 at 1.) The government opposes the motion.

**II.     Standard**

Defendant moves for a sentence reduction under § 3582(c)(1)(A). Under that statute, a sentencing reduction is allowed when "extraordinary and compelling reasons warrant such a reduction . . . ." *Id.* Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021). The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Exhaustion is mandatory. *United States v. Hemmelgarn*, 15 F.4th 1027, 1030–31 (10th Cir. 2021).

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042 (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)). Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim[2] and three other requirements are met: (1) "extraordinary

---

[2] Defendant has exhausted his administrative remedies here. (Doc. 100-1.)

2

and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*.

### III.     Analysis

Defendant argues that he has satisfied all of the requirements but makes no effort to address the sentencing factors or the newly issued policy statement by the Sentencing Commission. (Doc. 100 at 2.) While the court is sympathetic to Defendant and his ongoing health conditions, the court must consider the statutory factors when determining whether Defendant's sentence should be reduced. When considering Defendant's history and characteristics, the court notes that Defendant's health conditions were already taken into consideration during sentencing. Further, although Defendant states that he needs immediate healthcare, he makes no argument that he is not receiving adequate treatment while incarcerated. Rather, his motion states that he has received treatment for his injuries at the hospital. (Doc. 100-1.) Further, there is no evidence that he would receive better care in the community.

The statutory factors also include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence; the guideline sentencing range; and the need to avoid unwarranted sentence disparities. Defendant pleaded guilty to being a felon in possession of a firearm. Based in part on his medical conditions, Defendant was originally sentenced to probation when the guidelines range was 30 to 37 months. Only weeks after being given a probation sentence, Defendant violated his probation by

committing the same crime that he had just been sentenced for.  Clearly, Defendant's conduct demonstrates that he disregards the law and continues to possess a firearm even though he cannot lawfully possess a firearm.  Because Defendant violated the terms of his probation, the court could have sentenced him under the guidelines range for the original offense conduct.  *See United States v. Huffman*, 531 F. App'x 876, 884 (10th Cir. 2013) (quoting 18 U.S.C. § 3565(a)(2)).  The court ultimately sentenced Defendant to 26 months which was lower than the guidelines range for his original offense conduct, based again, in part, on his medical conditions.  Defendant now seeks to be released after serving only 14 months.

Reducing Defendant's sentence to time served would not reflect the seriousness of his criminal conduct, nor would it furnish adequate deterrence to criminal conduct or provide just punishment.  The court finds that the imposed 26-month sentence remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense.

After considering the factors enumerated in § 3553(a), Defendant's motion to reduce his sentence to time served is denied.

**IV.     Conclusion**

Defendant's motion (Doc. 100) to reduce sentence is DENIED.

IT IS SO ORDERED.  Dated this 18th day of January 2024.

                                          __s/ John W. Broomes_____
                                          JOHN W. BROOMES
                                          UNITED STATES DISTRICT JUDGE